T.C. Memo. 1999-212


UNITED STATES TAX COURT


MELVIN L. LEVINSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6618-97.                    Filed June 29, 1999.


Melvin L. Levinson, pro se.

Brendan G. King, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  By notice dated February 11, 1997, respondent determined the following deficiencies and penalties relating to petitioner's Federal income taxes:

|       |            | Penalty      |
| Year  | Deficiency | Sec. 6662(a) |
| 1993  | $12,720.79 | $2,544.16    |
| 1994  | 8,307.00   | 1,661.40     |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions by the parties, the remaining issues for decision are whether petitioner is liable for self-employment tax, entitled to deduct expenses relating to his patents, and liable for accuracy-related penalties.

                              FINDINGS OF FACT

Petitioner resided in Edison, New Jersey, at the time his petition was filed. From 1948 until his retirement in 1989, petitioner operated a retail store that sold electronic goods and collectibles (i.e., comic books, baseball cards, and stamps). While operating his retail business, petitioner, in his spare time, created and patented inventions. His inventions ranged from microwave power sources to methods for preparing beverages. In 1981, petitioner was issued a patent for a microwave cookware container.

In 1989, petitioner filed a civil suit against Northland Aluminum Products, Inc. (d/b/a Nordic), and Regal Ware, Inc. (Regal), for infringing upon petitioner's 1981 patent. That same year, petitioner and Nordic entered into a settlement agreement

in which Nordic agreed to pay petitioner $500,000, in five installments, for the past use of petitioner's patent. Petitioner and Nordic also entered into a license agreement relating to Nordic's continued use of petitioner's patent. In 1990, petitioner and Regal entered into a settlement agreement in which Regal agreed to pay petitioner $210,000, in three installments, for the past use of petitioner's patent. Petitioner and Regal also entered into a license agreement relating to Regal's continued use of petitioner's patent.

On his 1993 and 1994 returns, petitioner reported royalties of $158,611 (i.e., $145,000 relating to Regal's settlement payments and $13,611 from various companies) and $75,810 (i.e., $75,000 relating to Nordic's settlement payment and $810 from various companies), respectively. Petitioner also reported $72,227 and $34,201 of business expenses relating to 1993 and 1994, respectively.

## OPINION

Respondent contends that the settlement awards and royalties petitioner received in 1993 and 1994 are subject, pursuant to section 1401, to self-employment tax. Petitioner contends he is not in the trade or business of inventing and, therefore, not liable for self-employment tax.

Section 1401(a) imposes a tax on the self-employment income of every individual. In general, self-employment income consists

of the net earnings from a trade or business carried on by an individual. See sec. 1402(a) and (b). An individual is engaged in a trade or business if such individual's activities are conducted with continuity and regularity, and primarily for income or profit. See sec. 1402(c) (stating that the term "trade or business" for the purposes of self-employment income generally has the same meaning as it does for the purposes of section 162); Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

Petitioner was not engaged in the trade or business of inventing. He did not develop or design inventions on a continuous or regular basis. Petitioner testified:

> I could sit here in front of you all for the next year
> and I might not even think of an invention, never even
> come to my mind. All of a sudden, I'll get two more
> [ideas] in a stroke of genius, they say, but it's
> really not a stroke of genius, it's just luck.

Indeed, petitioner conducted his activities sporadically. Accordingly, the settlement awards and royalties petitioner received in 1993 and 1994 are not subject to self-employment tax.

Respondent determined that petitioner is not entitled to deductions for the following: (1) $155 of automobile expenses relating to 1993; (2) $565 and $1,130 of depreciation relating to 1993 and 1994, respectively; (3) $738 and $519 of utility expenses relating to 1993 and 1994, respectively; and (4) $7,406 and $3,401 of miscellaneous expenses relating to 1993 and 1994, respectively. Petitioner bears the burden of proof, yet has

failed to present sufficient evidence to establish that respondent's determinations are incorrect. See <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Accordingly, respondent's determinations are sustained.

Respondent determined that petitioner is liable for section 6662(a) accuracy-related penalties for failing to pay self-employment tax and failing to substantiate deductions relating to petitioner's patents. The penalty applies to the portion of petitioner's underpayment that is attributable to negligence or disregard of the rules or regulations. Sec. 6662(b)(1). Petitioner is not liable for self-employment tax, and he acted in good faith and had reasonable cause for claiming the disallowed deductions. See sec. 1.6664-4(a), Income Tax Regs. At trial, petitioner failed to substantiate a portion of the expenses he deducted on his return. At the time he filed his return, however, he made reasonable efforts to determine the deductibility of these expenses (e.g., he relied on his records, conducted tax research, and attended tax seminars). Accordingly, petitioner is not liable for the accuracy-related penalties.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.